[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11057

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JON P. RUGGLES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-82389-AMC

_____

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Jon Ruggles appeals the district court's grant of summary judgment to the government, on its complaint to enforce a 2016 final administrative decision imposing an agreed-upon civil monetary penalty and disgorgement for violations of the Commodity Exchange Act, *see* 7 U.S.C. §§ 6b & 6c, and regulations. Ruggles claims that his duty to pay under this decision was contingent on certain future events affecting his ability to pay, such as the resolution of certain tax issues. But he fails to create a genuine issue of material fact that the decision incorporated the alleged contingencies or that the government ever agreed to them. So we affirm.

## I.

In 2016, the Commodity Futures Trading Commission ("CFTC") and Ruggles reached a settlement to resolve allegations of fraud and insider trading. Under that settlement, the CFTC issued a final administrative decision against Ruggles in September 2016 (the "CFTC Order" or "Order"), which ordered him to pay—by agreement of the parties—a civil monetary penalty of $1.75 million and disgorgement of about $3.5 million, plus post-judgment interest.

The CFTC Order provided that Ruggles "shall satisfy" the monetary penalty and disgorgement by making payments as follows: (a) $1,051,261 immediately; (b) $650,000 within 6 months of

the order; (c) five payments of $500,000 each within 12, 18, 24, 30, and 36 months, respectively; and (d) a final payment of $550,045 within 42 months. The Order specified that the CFTC's acceptance of partial payment did not waive or alter Ruggles's payment obligation. And it warned that "[i]f any payment is not made by the date the payment is required by this Order," the "entire outstanding balance. . . shall be due and payable immediately." Nothing in the Order made Ruggles's adherence to the payment schedule conditional on some other factor.

Between February and June of 2018, in the lead-up to a payment due at the end of June, Ruggles communicated by email with Thomas Simek, Chief Trial Attorney for the CFTC, that he was having difficulty making the required payments. Ruggles asserts that these emails reflect an agreement to excuse or suspend the payment schedule pending the resolution of certain matters affecting his ability to pay.

In an email sent February 12, 2018, Ruggles explained that, when he entered into the settlement agreement, he "based [his] cash forecast on 1) deducting disgorged money and 2) having reasonable tax efficiency." He stated that both "assumptions have not gone to plan," since nearly 70% of his income was being withheld between Canada and the United States, though he believed it would "work out in the end." He also expected to receive "more than adequate funds" from the sale of a company in which he owned a stake, which he "suspect[ed]" would occur "within 3 years," plus some funds from other sources, including an

anticipated release of withheld taxes by Canadian tax authorities and a corporate dividend.

Responding on March 26, Simek thanked Ruggles for the update, inquired about "further developments" regarding the Canadian tax release and corporate dividend, and asked if he was "now in a position to make some payment toward the settlement?" On March 29, Ruggles stated that he was waiting for paperwork to go through for the dividend, and that the Canadian tax release was "in the middle of a challenge" but "should be coming to an end soon." He expressed hope of "returning to a normal payments schedule . . . soon."

In an April 17 reply, Simek thanked Ruggles for the update and reiterated the Order's payment schedule:

> We appreciate the challenges you are facing, but in order to demonstrate that you intend to abide by the payment plan set forth in the settlement order, and to avoid a determination that the amount you owe is uncollectible, it will be important for you to make a payment toward the settlement obligation this quarter. Please let us know if you do not expect to be able to do so.

Ruggles responded on April 19 that a payment would be made soon and before the deadline of June 30. On June 15, Simek advised that the CFTC had "received no additional information from you regarding when you plan on making a payment toward the

settlement obligation." Ruggles replied that he had made a partial payment the previous week.

Ultimately, Ruggles paid a total of approximately $1.5 million toward the civil monetary penalty and disgorgement obligation. He made a payment of $1,051,261 in September 2016, a payment of $175,000 in March 2017, and a payment of $245,000 in June 2018.

In December 2020, after sending a demand letter the previous month, the government sued Ruggles to collect the remaining amount due, which it asserted was approximately $3.8 million plus interest. Ruggles filed an answer and asserted a single "affirmative defense" based on his inability to pay according to the payment schedule, relying solely on the 2018 email correspondence with the CFTC we described above.

The district court granted summary judgment to the government. It concluded that the 2018 emails did not create a genuine issue of material fact as to Ruggles's obligation to pay under the plain terms of the Order. It also found that he had not offered evidence to support a defense of "commercial frustration" under Florida law. Accordingly, the court entered final judgment for the government in the amount of approximately $3.9 million. Ruggles now appeals.

## II.

We review a grant of summary judgment *de novo*, construing the evidence and drawing all reasonable inferences in favor of

the nonmoving party. *Carlson v. FedEx Ground Package Sys., Inc.*, 787 F.3d 1313, 1317 (11th Cir. 2015). Summary judgment is appropriate when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III.

Without citing any supporting legal authority, Ruggles maintains that his 2018 email correspondence with the CFTC reflects an agreement that the 2016 CFTC Order's payment schedule "depended upon the satisfaction of certain contingencies which the CFTC knew about and accepted."

Ruggles has not created a genuine issue of material fact regarding his duty to pay. The CFTC Order, which embodied the settlement agreement and imposed the payment obligation, never mentioned Ruggles's alleged contingencies.[1] Nor did it suggest that the payment schedule was subject to alteration. Rather, it made clear that the CFTC's acceptance of partial payment did not excuse Ruggles's compliance with the payment schedule, and that missed payments—which could, of course, arise from an inability

---

[1] "A settlement agreement is a contract" and is governed by principles of general contract law from the applicable state. *Schwartz v. Florida Bd. of Regents*, 807 F.2d 901, 905 (11th Cir. 1987).

22-11057              Opinion of the Court                7

to pay—would render the "entire outstanding balance . . . due and payable immediately."  In short, nothing in the Order supports Ruggles's claim that his duty to pay was contingent on his ability to pay.

Nor does the record support a reasonable inference that the CFTC agreed to Ruggles's contingencies, either before or after entry of the Order in 2016.  For starters, Ruggles offers no evidence close in time to the settlement agreement, and his 2018 emails do not show that the alleged continencies were the subject of settlement negotiations.  Instead, his February 2018 email frames the contingencies in terms of his personal reasons for agreeing to the settlement: "When I agreed to our settlement agreement in 2016, I based my cash forecast on 1) deducting disgorged money and 2) having reasonable tax efficiency."  That Ruggles made these assumptions when he agreed to the settlement, however, does not mean that the CFTC agreed to make the duty to pay contingent on them, even assuming it was aware of them.  As we just noted, these contingencies are completely absent from or are contradicted by the Order's plain terms.

And no reasonable jury could infer the CFTC's agreements to Ruggles's contingencies based on the emails from CFTC attorney Simek.  In the email correspondence, Simek merely thanked Ruggles for providing information about his finances, made some inquiries about them, and pushed Ruggles to make at least a partial payment by the end of the quarter.  While he expressed sympathy for Ruggles's financial "challenges," he made clear that Ruggles

needed to make a payment by the upcoming deadline "in order to demonstrate that [he] intend[ed] to abide by the payment plan set forth in the settlement order." In response, Ruggles did not suggest his duty to pay had been excused or suspended; he simply said he would make a payment by the deadline. Nothing in these emails even arguably reflects that the CFTC agreed to suspend or excuse Ruggles's payment obligation.

Ruggles also briefly addresses the defense of "commercial frustration," but only insofar as it relates to his argument that the CFTC Order contained two unstated conditions to payment that excused his noncompliance with the payment schedule. He does not address the court's independent reasons for rejecting that defense on the merits apart from a bare assertion that the court improperly weighed the evidence. Such a passing reference, without supporting arguments or authority, is insufficient to properly raise the issue for review on appeal. See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."). Accordingly, we deem this issue abandoned.

Finally, we note that Ruggles fails to present any evidence that the contingencies affecting his ability to pay continued after June 2018, when he made his last payment to the CFTC. So even if he established that his duty to pay was excused or suspended in 2018, he has made no showing that such an excuse applied to

22-11057                Opinion of the Court                    9

subsequent missed payments under the payment schedule, any of which would have made the "entire outstanding balance . . . due and payable immediately" under the terms of the Order.

## IV.

For these reasons, the district court properly granted summary judgment to the government.

**AFFIRMED.**